a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| EDWARD W. JOHNSON, Petitioner | CIVIL ACTION NO. 5:19-CV-379-P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| DARREL VANNOY, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) filed by pro se Petitioner Edward W. Johnson ("Johnson") (#347319). Johnson is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana. Johnson challenges his conviction and sentence imposed in the First Judicial District Court, Caddo Parish.

Because Johnson's Petition (Doc. 1) is untimely, it should be DENIED and DISMISSED WITH PREJUDICE.

## I. Background

Johnson was convicted of first-degree murder for the shooting death of a police officer. The jury sentenced Johnson to life imprisonment. State v. Johnson, 27,522 (La. App. 2 Cir. 12/6/95); 665 So. 2d 1237. Johnson's conviction and sentence were affirmed on appeal, and the Louisiana Supreme Court denied writs. Id.; State v. Johnson, 96-2476 (La. 9/5/97); 700 So. 2d 501.

On April 6, 2018, Johnson filed a "Motion to Declare La.C.Cr.P. Arts. 383, 435, and 444(B) Unconstitutional as Applied to Edward W. Johnson Case and Contradictory Hearing Demand." (Doc. 1-4, pp. 44-53). Johnson claimed that Articles 383, 435, and 444(B) of the Louisiana Code of Criminal Procedure were violated when the Caddo Parish Clerk could not show proof that at least nine members of the grand jury voted to indict Johnson in 1993. (Doc. 1-4, pp. 44-53, 56). The trial court found Johnson's motion meritless and denied relief. (Doc. 1-4, pp. 56-57). Johnson's application for writ of review was denied by the Louisiana Second Circuit Court of Appeal. (Doc. 1-4, p. 70). The Louisiana Supreme Court denied writs because Johnson's application had not been timely filed in the trial court. State v. Johnson, 2018-1542 (La. 2/25/19).

## II. Law and Analysis

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period sua sponte. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Johnson did not seek review in the United States Supreme Court, so his conviction became final for AEDPA purposes on December 4, 1997, 90 days after the

2

Louisiana Supreme Court denied writs. 28 U.S.C. § 2254(d)(1). Johnson had one year from that date within which to file a § 2254 petition. Johnson's Petition was not filed until March 25, 2019. (Doc. 1).

Although the statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period, Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999), any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period, Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999) (citing Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir. 1998)).

Johnson's post-conviction application was filed on April 6, 2018. The period of time from December 4, 1997 through the date his post-conviction application was filed is counted against the one-year limitations period. Thus, the application was not filed until almost 20 years after the one-year limitations period of the AEDPA expired. (Doc. 1-4, pp. 44-53). As a result, Johnson receives no benefit from statutory tolling.

The AEDPA's statute of limitations is also subject to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). "As a general rule, equitable tolling has been limited

to situations where the petitioner has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the petitioner has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Self v. Dir., TDCJ-CID, 9:09-cv-61, 2009 WL 3161424, at *1 (E.D. Tex. Sept. 30, 2009) (citing Clymore v. United States, 217 F. 3d 370, 375 (5th Cir. 2000)). A petitioner bears the burden of proof to invoke equitable tolling. See Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). Johnson cannot meet this burden.

    Johnson claims that his bill of indictment was defective because the minutes do not reflect that at least nine grand jurors voted on the indictment; they do not show that the indictment was properly returned in open court by the grand jurors; and, they do not contain the docket number, Johnson's name, or the charges. Therefore, Johnson claims his constitutional rights were violated. (Doc. 1-2, p. 13). Johnson first presented this claim to the trial court approximately 24 years after his conviction. Johnson cannot establish that he was tricked or induced into the extensive delay in filing this claim. Moreover, as the trial court noted, Johnson waived the claim because he "failed to assert these grounds in a timely filed motion to quash prior to the commencement of trial." (Doc. 1-4, p. 57).

    Johnson also claims that he is not time-barred because the purportedly defective bill of indictment is "newly discovered evidence." Newly discovered evidence of actual innocence may, if proven, excuse a failure to comply with the one-year statute of limitations. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). First, Johnson does not claim that his "newly discovered evidence" is indicative of his actual

innocence. Second, a petitioner must support a claim of actual innocence with "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" that was not presented at trial. Schlup v. Delo, 115 S. Ct. 851, 865 (1995). Johnson's bill of indictment does not constitute such evidence.

Johnson has not established the applicability of any exception to the statute of limitations.

III. Conclusion

Because Johnson's § 2254 Petition is untimely, IT IS RECOMMENDED that the Petition (Doc. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. <u>See</u> 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __16th__ day of May, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge